## WILLIAM CACKLEY v. SAMUEL J. SMITH.

ATTACHMENT — *Defective Publication Notice.* In an action by attachment against a non-resident defendant, whose land is levied upon, a publication notice which fails to describe the land attached is defective, and the motion to vacate a judgment based on such a notice should be allowed. (*Cohen v. Trowbridge,* 6 Kas. 385.)

*Error from Rice District Court.*

THE opinion states the case.

*M. A. Thompson,* for plaintiff in error.

*Brinckerhoff, White & Brinckerhoff,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Samuel J. Smith brought an action in the district court of Rice county against William Cackley, to recover upon a promissory note given for $915.95. He filed an affidavit stating that Cackley was a non-resident of Kansas, and procured the issuance of an order of attachment. An affidavit was also filed as a basis for service by publication, following which a service by publication was attempted. Real estate of Cackley, appraised at $1,500, was attached, and at the September term, 1885, of the court, a judgment was rendered in favor of Smith for the amount claimed. The attachment was confirmed, and the property seized was ordered

to be sold. Within a year Cackley appeared for the first time, and moved the court to vacate the judgment and proceedings for several reasons, the principal ground being the insufficiency of the published notice for constructive service. The motion was not allowed, and on this ruling error is assigned.

The case turns upon the sufficiency of the notice, which, omitting the caption, title, and signature, is as follows:

"Said defendant, William Cackley, will take notice that he has been sued in the above-named court upon one promissory note, the demand being for $915.95, and interest thereon at 8 per cent. per annum from April 20, 1885, and must answer the petition filed therein by the said plaintiff on or before the 25th day of July, 1885, or said petition will be taken as true, and judgment for plaintiff in said action for said sum, and the attachment therein granted, will be rendered accordingly."

Within the decisions already made by this court, the notice must be held to be defective. The publication fails to describe the land that was attached. While it states that an attachment has been granted in the case, it does not in fact show that any property had been levied upon. There being no personal service, jurisdiction could be acquired only through attachment and publication. In such a case, if no property was levied on, no effectual order or judgment could be rendered; and where a levy is made, the amount of property attached fixes the limit of recovery. A judgment in an action by attachment resting only on constructive service, reaches no property except that which is subject to the lien of attachment; and this lien is fixed and determined by the judgment. As the code requires that the nature of the judgment shall be stated in the notice, it has been held that a description of the land attached should be stated. In the early case of *Cohen v. Trowbridge*, 6 Kas. 385, this precise question was examined and determined. In that case the notice of publication showed that the land of the non-resident defendant had been attached, but it described the land as the northeast quarter of section 9, township 5, range 18, without stating whether it was the range east or west of the sixth principal meridian, either of which would be within the state; and the court decided that the na-

ture of the judgment claimed was not stated with sufficient certainty, and sustained the district court in holding the notice of publication to be defective.

In *Rapp v. Kyle*, 26 Kas. 89, the same question was under consideration, and the court remarked that it had no disposition to limit the scope or authority of the decision in *Cohen v. Trowbridge*, supra. In that case the notice in question was challenged because it did not state that an order would be entered for the sale of the attached property. The notice, however, did state that an attachment had been issued and levied upon certain described real estate. Although the court there held that a notice which omitted the statement that an order of sale would be entered for the sale of the attached property was not fatally defective, it remarked:

"We do not wish to be understood that where real estate is taken under attachment, it is unnecessary to describe the property in the notice of publication, or that an error or uncertainty in the description will not vitiate the notice."

The rule thus early established and subsequently approved, requires us to hold that the publication notice in the present case is insufficient. The motion to vacate the judgment based upon the defective notice should have been allowed; and for that purpose the order overruling the same will be reversed, and the cause remanded.

All the Justices concurring.