## ONE HUDSON AUTOMOBILE v. STATE.

No. 10616—Opinion Filed Sept. 5, 1922.

(Syllabus.)

### Appeal and Error — Review—Sufficiency of Evidence.

The judgment of a trial court in a legal action has the same force and effect in the Supreme Court as the verdict of a jury, and, where there is competent evidence which reasonably tends to support it, such judgment, though based on conflicting testimony as to an issue of fact, will not be disturbed.

Error from County Court, Adair County; W. H. Martin, Judge.

Proceedings by the State to confiscate One Hudson Automobile used in transportation of intoxicating liquors; Ella Williams intervening as claimant. From the judgment, claimant brings error. Affirmed.

T. M. McCombs, for plaintiff in error.

G. O. Grant, Co. Atty., for defendant in error.

JOHNSON, J. This is an appeal from a judgment in an action which was commenced in the county of Adair, Okla., on the 13th day of November, 1918, wherein the county attorney filed condemnation proceedings against One Hudson Automobile, claiming that the same was used for illegal transportation of intoxicating liquor. The claimant, Ella Williams, filed an interplea, claiming the property as her individual property, and upon the issues being joined, the trial was had, and on the 21st day of November, 1918, before the county court of Adair county, at which trial the court made an order, ordering the confiscation of said car, directing that the same be sold as required by law.

Counsel for plaintiff in error argues but one proposition in his brief, concerning which he says:

"While there are a great many assignments of error set forth by appellant, we desire to present the one question to the court, and that is this: That the claimant, Ella Williams, was in truth and in fact the owner of the car in question, and that the same was used without her knowledge or consent or fault, and that she came forth with her claim and an answer, in ample time, and the court was in error in refusing to sustain her claims for said property."

In support of this contention they cite two decisions of this court, to wit, Boles et al. v. State, 77 Okla. 310, 188 Pac. 681; One Hudson Super-Six Automobile et al. v. State, 77 Okla. 130, 187 Pac. 806, wherein this court said:

"The unlawful use of an automobile to convey intoxicating liquor by one unlawfully in possession of such conveyance, does not forfeit the right of the owner to claim and retain such property, when it appears that such conveyance was so unlawfully used without the consent, fault, or knowledge of the owner."

It is the contention of counsel that the instant case comes within the rule announced by the court, supra. With this contention, we cannot agree. There is no question that the question of law as announced by this court is clearly stated in the cases cited, supra; but the sole question presented by this appeal is one of fact.

The trial court made the following findings:

"The burden is upon the claimant to establish her right to this automobile. There is no denial that at the time it was taken possession of by the officers it was being used for the illegal transportation of whisky in this county. In the first place, the claimant undertakes to show that the automobile is her property. The presumption is that it was the property of the person in possession of it. I find that the claimant has failed to establish her ownership of the automobile by a preponderance of the evidence. Even though the property may have belonged to the claimant, it would in that event be incumbent upon the claimant to show that it was used for illegal purposes without her knowledge or consent. I find that the claimant has failed to show that the automobile was used for such purpose without her knowledge or consent. While I do not think it is necessary for me to so find in this case, even if the automobile may have been the claimant's and even if she did not know it was being used for an illegal purpose, if the person so using it had her consent to use and manage the car, and it was used by him for the purpose of illegally transporting liquor, I do not think she would be entitled to the car in a proceeding of this kind under the law as I construe it. However, the claimant also fails to show by a preponderance of the evidence that the car was used without her consent. Therefore, an order will be issued forfeiting this automobile to the state. To which claimant excepts."

We have carefully examined the record, and find that there is competent evidence reasonably tending to support the findings of fact of the trial court. In these circumstances we have no authority to disturb the judgment of the trial court. Mitchell v. Gafford, 73 Oklahoma, 175 Pac. 227; Scott v. Iman, 74 Oklahoma, 176 Pac. 81; Meagher v. Harjo, 72 Oklahoma, 179 Pac. 757; Gray v. McKnight, 75 Okla. 268, 183 Pac. 489.

The judgment of the trial court is affirmed.

KANE, MILLER, KENNAMER, and NICHOLSON, JJ., concur.