## PUBLIC FINANCE CO. v. JUMP.

### No. 30869. April 27, 1943.

*136 P. 2d 706.*

Hamilton & Kane, of Pawhuska, and George Templar, of Arkansas City, Kan., for plaintiff in error.

Johnson & Johnson, of Fairfax, for defendant in error.

PER CURIAM. This action was commenced on the 25th day of February, 1941, by the plaintiff, W. L. Jump, against Ross Crawford, Farmers State Bank of Burbank, Okla., and Public Finance Company of Arkansas City, Kans., a corporation, to recover $599.30 actual damages and $1,000 exemplary damages for conversion of an automobile.

The proceeding was dismissed as to the Farmers State Bank of Burbank, and in the amended petition filed April 23, 1941, the plaintiff named the Public Finance Company, a copartnership consisting of J. E. Crane, C. D. Grant, and Anna L. Lewis, together with the defendant Ross Crawford.

Following the filing of the amended petition on April 23, 1941, D. E. Johnson, attorney for the plaintiff, filed an affidavit to obtain service by publication stating that plaintiff had filed his petition against said above-named defendants alleging damages to him by the action of the defendants, and that the Public Finance Company, a copartnership, composed of J. E. Crane, C. D. Grant, and Anna L. Lewis, are nonresidents of the State of Oklahoma, but have property and debts owing them in the state and county; that the action is brought for damages and garnishment of money and property in the state belonging to said nonresident defendants; that this is one of the classes of cases prescribed by the statutes of Oklahoma in which service by publication may be had.

Notice by publication was published in the Fairfax Chief of Fairfax, Okla., April 24, and May 1, 8, and 15, 1941. The notice is as follows:

"W. L. Jump, Plaintiff
vs
"Ross Crawford, doing business as Crawford Motor Company, and Public Finance Company, a copartnership consisting of J. E. Crane, C. D. Grant and Anna L. Lewis Defendants.

"Robert Hampton, Garnishee.

"Said defendants, Public Finance Company, a copartnership consisting of J. E. Crane, C. D. Grant, and Anna L. Lewis, will take notice that they have been sued in the above named Court for damages, and for garnishment of money and property owing to them in Osage County, Oklahoma, and must answer the petition filed therein by said plaintiff on or before the 6th day of June, A.D., 1941, or said petition will be taken as true, and judgment for said plaintiff in said action for actual and punitive damages in the sum of One Thousand Five Hundred Ninety-Nine and 30/100 ($1599.30) Dollars, and garnishment of money and property owing to them in Osage County, Oklahoma, will be rendered accordingly.

"Dated this 23rd day of April, 1941.

"Johnson & Johnson
"By D. E. Johnson
"Attorney for Plaintiff

"Attest:

"Sam Gilmore, Court Clerk by Guy Marple, Deputy."

On the 8th day of May, 1941, D. E. Johnson, attorney for the plaintiff, filed an affidavit of mailing stating that on the 28th day of April, 1941, copies of the amended petition and the notice by publication were mailed to said defendants by depositing the same in the post office at Fairfax, Okla. On the 22nd day of May, 1941, D. E. Johnson filed a garnishment affidavit stating that suit had been brought for $1,599.30 against the Public Finance Company, a copartnership consisting of J. E. Crane,

C. D. Grant, and Anna L. Lewis, and that Robert Hampton is indebted to said defendants, and on the same date a garnishment summons issued to Robert Hampton. On the 27th day of June, 1941, D. E. Johnson filed an affidavit stating that on the 23rd day of May, 1941, he mailed a copy of the summons in garnishment to the Public Finance Company, a copartnership composed of J. E. Crane, C. D. Grant, and Anna L. Lewis, by depositing the same in the post office at Fairfax, Okla. On the 8th day of July, 1941, D. E. Johnson filed a garnishment affidavit stating, in substance, the matters formerly stated in his affidavit for garnishment, and that Robert Hampton, O. A. Maxey, and Ed McGuire were indebted to the Public Finance Company, a copartnership, consisting of J. E. Crane, C. D. Grant, and Anna L. Lewis. On the same date a garnishment summons was issued and served on Robert Hampton, O. A. Maxey, and Ed McGuire on July 10, 1941. Return of service recites that a copy of this garnishment summons was served on W. S. Hamilton, attorney for the Public Finance Company, a copartnership, composed of J. E. Crane, C. D. Grant, and Anna L. Lewis on July 14, 1941, by the sheriff of Osage county, Okla. On July 8, 1941, a summons was issued by the court clerk of Osage county, Okla., which is as follows:

"Summons—District Court
"State of Oklahoma,
"County of Osage, ss:

"In the District Court of Osage County, State of Oklahoma, summons to nonresident.

"The State of Oklahoma to Public Finance Company, a copartnership consisting of J. E. Crane, C. D. Grant, and Anna L. Lewis (of Arkansas City, State of Kansas) GREETING:

"You are hereby notified that you have been sued by W. L. Jump in the District Court sitting in and for said County of Osage and that unless you·

answer the petition filed herein by the said W. L. Jump against you on or before the 20th day of September, 1941, said petition will be taken as true and judgment rendered accordingly.

"WITNESS my Hand and Seal of said Court, affixed at my office in Pawhuska, Oklahoma, this 8th day of July, 1941, A.D.

"Sam Gilmore, Court Clerk
"By Guy Marple, Deputy.

"Suit brought for damages for conversion of an automobile.

"If you fail to answer, judgment will be taken for the sum of $1,599.30, with interest at the rate of....per cent per annum, from the......day of........, 192...., and costs of suit.

"Sam Gilmore, Court Clerk
"Seal        By Guy Marple, Deputy."

This summons was served on each member of the copartnership July 14, 1941, by the sheriff of Cowley county, Kan., and is duly verified by the officer serving the same. On the same date a copy of the summons in garnishment issued to Robert Hampton, O. A. Maxey, and Ed McGuire on the 8th day of July, 1941, was delivered to each member of the copartnership comprising the defendant Public Finance Company. The return on the garnishment summons was not verified by the sheriff of Cowley county, Kan.

The garnishee, Robert Hampton, answered that he had funds to the extent of $375, and Ed McGuire that he had funds to the extent of $267.88, belonging to the defendants. These funds were by stipulation paid into court to await the action of the trial court. Judgment was returned for $250 actual damages and $100 exemplary damages against Ross Crawford and Public. Finance Company, consisting of J. E. Crane, C. D. Grant, and Anna L. Lewis. The members of the copartnership constituting the Public Finance Company alone appeal. They shall be referred to hereinafter for convenience as the defendants. The evidence is not included in the case-made and the errors are those of law, dealing solely with the jurisdiction of the defendants.

Five propositions are presented in the brief, which are: (1) There is no jurisdiction in the courts of this state to enter judgment in an action for debt which will bind the property of a nonresident not personally served with summons unless there has been an antecedent seizure of the property by attachment or garnishment. (2) There is no authority to issue service by publication or summons to be served without the state directed to a nonresident having property in this state unless there has been a levy of lawful garnishment or attachment on said property and lien of attachment or garnishment created thereon before the issuing of the publication notice or the summons to be served without the state. (3) Affidavit for publication and publication notice in a suit attempting to subject the property of a nonresident to the satisfaction of a judgment to be obtained must both contain a description of the property attached or attempted to be subjected to garnishment. (4) In order to procure the issuing of a summons to be sent without the state for service on a nonresident defendant there must be filed an affidavit containing the same averments as to obtain service by publication. (5) In attempting to procure service by publication when the address of a nonresident defendant is known, copy of the publication notice and copy of the petition must be mailed at the post office nearest to the place where the court is held. These are discussed in the brief of plaintiff in error in one argument. In the argument the following statement is made:

"In addition to the fact that the affidavit to obtain service by publication was filed and the notice issued prematurely, neither the affidavit nor the notice contains sufficient description of the property or obligation attempted to be subjected to the payment of any judgment the plaintiff might obtain."

We will first discuss this proposition in connection with propositions 1, 2, 3,

and 4, above, which deal with the affidavit to obtain service by publication and the notice printed in the Fairfax Chief, Fairfax, Okla., and the service of summons on July 14, 1941, by the sheriff of Cowley county, Kan.

At the outset we are met with the proposition presented by the plaintiff to the effect that the defendants waived the jurisdictional question and submitted to the jurisdiction of the court by appearing and defending on the affirmative issues. The defendants appeared only after objection to the jurisdiction of the court and the saving of exceptions to the overruling of the objection to the affidavit, notice by publication, and service of summons, instead of publication, and under the holdings of this court they could thereafter urge any defenses necessary without submitting to the jurisdiction of the court. Southwestern Surety Co. v. Walser, 77 Okla. 240, 188 P. 335.

The affidavit in garnishment and the summons issued pursuant thereto were sufficient to impound the funds in the possession of Robert Hampton and Ed McGuire. It was then essential, in order to comply with 12 O. S. 1941 § 1174, that the affidavit to obtain service by publication substantially state the plaintiff had secured or impounded the funds by the levy of garnishment, and that thereafter the plaintiff cause to issue either a notice by publication, substantially informing the defendant that garnishment summons had been issued, impounding the funds owing from Robert Hampton and Ed McGuire as provided by 12 O. S. 1941 §§ 171 and 173, or that the plaintiff proceed by substitute service of summons as provided by 12 O. S. 1941 § 175. The service of summons, if it was good service, by leaving a copy with W. S. Hamilton or by delivering the same to the defendant by the sheriff of Cowley county, Kan., was a compliance with 12 O. S. 1941 § 1173. This provision is not in contemplation of perfection of notice by publication. It is a requirement to be performed by service of summons in

garnishment on a nonresident defendant just as the statute requires the plaintiff to serve a summons in garnishment on a resident defendant. Garnishment is a species of attachment. Berry-Beall Dry Goods Co. v. Adams, 87 Okla. 291, 211 P. 79.

In a proceeding in garnishment against a nonresident, the affidavit to obtain service of summons and notice by publication must be as in the manner provided for attachment. 12 O. S. 1941 § 1174. In attachment proceeding, where specific property of a nonresident is levied upon, both the affidavit for service by publication, and the notice by publication, must describe the property to be seized in satisfaction of the claim of the plaintiff. Cackley v. Smith, 38 Kan. 450, 17 P. 156; Ballew v. Young, 24 Okla. 182, 103 P. 623; City National Bank v. Sparks, 50 Okla. 648, 151 P. 225; Pettis v. Johnston, 78 Okla. 277, 190 P. 681. In Cackley v. Smith, supra, it is stated:

"In an action by attachment against a nonresident defendant whose land is levied upon, a publication notice which fails to describe the land attached is defective, and the motion to vacate a judgment based on such notice should be allowed."

In Pettis v. Johnston, supra, in discussing the necessity of the affidavit for service by publication and the notice of publication to describe the property seized, it is stated:

"The seizure of the nonresident's property in the ordinary action to collect a note or open account or other money demand is the basis of the court's jurisdiction, and the defendant served by publication is only bound by the judgment to the extent of the property levied on. 17 Ency. Pl. & Pr. 43-44. The affidavit for publication is distinct and separate from the affidavit for the order of attachment, and, while there is nothing in our statutes expressly requiring the affidavit for publication to describe the property, it is essential that such affidavit refer, directly or inferentially, to one or more of the causes of action designated in section 4722;

and where neither the affidavit for an attachment nor the plaintiff's petition describes (or is required to describe) any property of the nonresident, then it is reasonable to hold that the affidavit for publication in an attachment case should contain some description of the property impounded, as held in Ballew v. Young and City Nat. Bank v. Sparks."

Nowhere in the affidavit to obtain service by publication or in the notice published in the Fairfax Chief or in the summons served by the sheriff of Cowley county, Kan., were the defendants informed of the property to be seized or that had been seized. They were not advised as to funds about to be seized or to be seized in the possession of Robert Hampton and Ed McGuire. They were not advised that these funds would be taken to satisfy any claim or judgment obtained, or to be obtained, by the plaintiff. In this the proceeding was fatally defective.

The remaining proposition, to wit, that it was necessary to mail a copy of the petition together with the notice by publication at the post office in Pawhuska, Okla., instead of Fairfax, Okla., need not be determined. The cause is reversed and remanded, with directions to vacate the judgment in favor of plaintiff and against the defendants and to proceed in accordance with the views herein expressed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, J., absent.