WALTERS et al. v. WEAVER.

No. 33881.   Dec. 12, 1950.
Rehearing Denied Jan. 23, 1951.

*226 P. 2d 931.*

Hickman & Hickman, Tulsa, for plaintiffs in error.

Harold McArthur, Tulsa, for defendant in error.

CORN, J. This is an appeal from a judgment directing a verdict for plaintiff in an action brought to recover for defendants' alleged conversion of plaintiff's horse.

Plaintiff alleged employment of defendant Walters about March 1, 1947, under an oral contract to board and train plaintiff's horse for a stipulated fee of $75 per month, and that defendant Evans knew of such contract; that Walters boarded and trained the animal for a time, but in June, 1947, plaintiff learned the animal had been sold to Evans, for the board and training bill, at a private sale, without due process of law for enforcement of such a lien, and that the sale constituted a conversion; that Evans thereafter sold the horse to unknown parties, and although demand had been made upon defendants for his return they had failed and refused to return the animal, which was valued at $1,000 at the time of conversion. Plaintiff sought judgment for the value of the horse.

By answer defendants admitted the contract for boarding and training the horse (named Toughy) but denied there had been a conversion or wrongful disposal of the animal. They further alleged that in a justice court action brought under the agister's lien statutes (4 O.S. 1941 §§193, 194), defendant Evans had recovered a judgment against plaintiff, establishing a lien in the amount of $150 for feeding and training the horse, which lien had been foreclosed and the horse sold in satisfaction thereof, and that such judgment was res adjudicata as to plaintiff's right of recovery and a bar to this action.

Plaintiff replied by a general denial, and denied that the matters alleged were res adjudicata as to this right to recovery.

The issues made by the pleadings were tried to a jury.

Plaintiff's evidence was that he made the contract with Walters and thereafter delivered the horse to him at the stables at the Tulsa County fairgrounds. He later saw the horse and was dissatisfied with his condition and indicated he was not going to pay defendants, but was advised to bring the money when he came after the horse. Thereafter he returned for the horse but was unable to locate Walters, but was advised the animal had been sold to Evans, who later told plaintiff the horse had been sold to a man in Kansas. Plaintiff further testified the horse was worth $1,000. Other testimony for plaintiff fixed the horse's value at $800.

Defendant Evans testified Walters was working for him under an arrangement whereby he furnished the financing and Walters handled the care and training of horses for a regular salary; and that plaintiff knew this when the agreement was made with Walters, and knew Evans was a party to the contract. The horse was boarded and trained but plaintiff never paid the amount due, although he promised to pay defendant. Thereafter defendant brought suit and foreclosed his lien. Defendant also testified concerning his knowledge as to value and that plaintiff offered to sell this animal for $400, but he refused to give such a price, and that the animal was not worth

more than $100, but he bid him in for $200.

Defendant Walters was not present at the trial but it was stipulated that, if present, his testimony would be that the contract was made in Evans' presence, and that plaintiff knew Walters worked for Evans under the above mentioned arrangement, that the horse was boarded and trained for about four months, the bill amounting to $300; that he asked plaintiff several times to pay the bill, but it was not paid, and he told plaintiff Evans was going to foreclose his lien if plaintiff did not pay up; thereafter he turned the horse over to Evans; that in his opinion, as an expert, this horse's value was less than $200.

Defendants also introduced in evidence the files in the justice court proceedings showing that Evans sued plaintiff to establish his lien for $150, due for boarding and training, and for foreclosure of the lien. The files showed that personal service could not be obtained on plaintiff, and publication service was made. Upon hearing judgment was rendered in Evans' favor establishing his lien, ordering foreclosure thereof, and directing advertisement and sale of the property in satisfaction of the judgment.

At the close of the evidence defendants moved for a directed verdict for the reason the evidence showed that possession and value of the property already had been determined and the question therefore was res adjudicata. Such request was denied and the trial court then held that the publication notice was insufficient, by reason of not being in compliance with the statute, and therefore was void on its face. The trial court then instructed the jury that the property in question had been converted, and left for the jury's consideration only the question as to the value of the property at the time of the conversion.

The only question presented on appeal is whether the trial court erred in ruling that the publication notice was insufficient for failure to conform to the requirements of the statute, and that the judgment rendered thereon was void upon its face.

The agister's lien claimed by plaintiff is given by the provisions of 4 O.S. 1941 §193. The following section, (194), provides for the enforcement of such lien. And, in instances where service cannot be had upon the defendant, provision is made for obtaining service by publication by:

" . . . notifying the defendant of the filing and the particulars of the account, the description of the property on which the lien is claimed, its whereabouts and the day and place set for the hearing of the cause. . . ."

The notice upon which publication service was obtained upon Weaver in the justice court was as follows:

"You are hereby notified that you have been sued in the above entitled cause for $150.00 plus $50.00 attorney's fees and Court costs herein expended, and for foreclosure of lien upon one horse for the above named amount.

"Unless you file an answer herein or make your appearance on or before the 28th day of May, 1947, at 10 AM, judgment will be taken against you for the above amount and for foreclosure of lien against all personal property which is now in possession of the plaintiff."

Defendants contend the statutory requirements were sufficiently met, inasstatute, to apprise plaintiff of every much as the notice mentioned "one horse", and placed the animal's whereabouts "in the possession of Gomer Evans." Since plaintiff admitted he knew the location of the barn in which the horse was kept, defendants claim the notice was sufficient, under the necessary fact. Upon this basis it is urged there was no material omission from the publication notice, and that everything required by the statute, at least, inferentially, was set forth therein. Thus defendants conclude that since there was not a total failure to

state any material matter, the judgment was not void, but only voidable, and thus not subject to attack except in a direct proceeding. Citing Core v. Smith, 23 Okla. 909, 102 P. 114.

However, consideration of the publication notice conclusively establishes that it wholly failed to: (1) set out any particulars of the account upon which defendants based their lien claim; (2) give a description sufficient to enable anyone to recognize the property: (3) give definite information regarding the actual whereabouts of the property, other than stating same was in defendants' possession.

It is recognized without exception that both the affidavit for publication and the publication notice are jurisdictional. In the early case of Cordray v. Cordray, 19 Okla. 36, 91 P. 781, par. 1 of the syllabus states as follows:

"Where publication is relied on and jurisdiction is sought to be obtained of the defendant in an action by publication service alone, the affidavit for publication, as well as the publication notice, are matters jurisdictional, and, in order to obtain jurisdiction of the defendant in such case, both the affidavit for publication and the publication notice must comply with the provisions of the statute."

In Ballew v. Young, 24 Okla. 182, 103 P. 623, plaintiff brought attachment proceedings against a nonresident defendant. The publication notice failed to describe the land attached. Such notice was held fatally defective. More recently, in an action brought to recover damages for conversion where the plaintiff sought to garnishee and obtain jurisdiction of funds in the hands of a resident, and to serve the nonresident defendant by publication, we held that the affidavit and notice were required to reasonably describe the funds sought to be impounded. See Public Finance Co. v. Jump, 192 Okla. 368, 136 P. 2d 706.

The requirements of the statute relative to the matters contained in the publication notice must be complied with fully before jurisdiction can be held to attach. Without this the possibilities for abuses inherent in upholding the jurisdiction of courts to render judgments in instances where there has been only a partial compliance with the requirements of the statute as to the matters to be shown in the publication notice are readily apparent. We are of the opinion, and hold, that the publication notice herein considered was fatally defective and the purported judgment based thereon was void upon its face.

Judgment affirmed.

Attention having been directed to the supersedeas bond executed herein, judgment is rendered thereon as prayed for by defendant in error.

DAVISON, C.J., and WELCH, GIBSON, and JOHNSON, JJ., concur. LUTTRELL, HALLEY, and O'NEAL, JJ., dissent.