OPINION — AG — THE STATE INSURANCE COMMISSIONER HAS THE AUTHORITY UNDER 36 O.S. 1973 Supp., 6201 [36-6201] TO 36 O.S. 1973 Supp., 6220 [36-6220], TO APPROVE A CLASSROOM COURSE OF STUDY THAT WILL PERMIT AN APPLICANT FOR AN ADJUSTERS LICENSE TO BE LICENSED WITHOUT EXAMINATION AFTER SUCCESSFULLY COMPLETING THE APPROVED COURSE OF STUDY. (INSURANCE, EDUCATIONAL REQUIREMENTS) CITE: 36 O.S. 1973 Supp., 6206 [36-6206], 36 O.S. 1973 Supp., 6208 [36-6208], 36 O.S. 1973 Supp., 6219 [36-6219] (WILLIAM W. GORDEN JR) FILENAME: m0010006 Senator Ernest Martin Attorney General of Oklahoma — Opinion October 30, 1980 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General is in receipt of your request for an official opinion wherein you ask: "Does the State Insurance Commissioner have the authority under Title 36 O.S. 6201 [36-6201] to 36 O.S. 6220 [36-6220] (1973), to approve a classroom course of study that will permit an applicant for an adjusters license to be licensed without examination, after successfully completing the approved course of study ?" The sections of the above cited statutes relevant to your question are 36 O.S. 6206 [36-6206], 36 O.S. 6208 [36-6208] and 36 O.S. 6219 [36-6219]. 36 O.S. 6206 [36-6206] states in relevant part: "The Commissioner shall license as an adjuster only an individual who has fully complied with this act including the furnishing of evidence satisfactory to the Commissioner that: 6. He has successfully passed an examination as required by the Commissioner, in accordance with Section 8 36 O.S. 6208 [36-6208] of this act; and . . ." 36 O.S. 6208 [36-6208] states in relevant part: "Each applicant for license as an adjuster shall, prior to issuance of license, personally take and pass, to the satisfaction of the Commissioner, an examination given by the Commissioner as a test of his qualifications and competency; provided, however, the requirement of an examination shall not apply to the following: 4. An applicant who has completed educational requirements either as an adjuster trainee or through classroom study in a course or courses of study approved by the Commissioner." Taken together, a plain reading of these two sections appear to indicate an affirmative answer to the question, but 36 O.S. 6219 [36-6219] may cause same concern, as it states: "The Commissioner may refuse to issue an initial license for any of the causes set out in Section 20 36 O.S. 6220 [36-6220] of this act, failure to pass the required examination or prior revocation of an adjuster's license in this state or in any other state." 36 O.S. 6219 [36-6219], however, does not direct the Commissioner to refuse to issue an initial license due to failure to pass an examination, but rather leaves the decision discretionary with the Commissioner. There is no conflict, therefore, with the alternate manner of obtaining a license, by classroom study, again at the discretion of the Commissioner. Different legislative enactments dealing with the same subject must be construed together as a harmonious whole so as to give effect to each Letteer v. Conservancy District, Okl. 385 P.2d 796 (1963). It is, therefore, the official opinion of the Attorney General that the State Insurance Commissioner has the authority under Title 36 O.S. 6201 [36-6201] to 36 O.S. 6220 [36-6220] (1973), to approve a classroom course of study that will permit an applicant for an adjusters license to be licensed without examination after successfully completing the approved course of study. (WILLIAM W. GORDEN, JR.) (ksg)