The Attorney General has received your request for an Opinion in which you ask: "1. Is attachment and garnishment available to a Sheriff as a means of collecting delinquent taxes and especially Personal Property Taxes, based upon a tax warrant? "2. In the event the above question is answered in the negative, are procedures available to the Sheriff for collection of such taxes other than the regular seizure and sale of nonexempt property?" Notwithstanding the subtle common-law distinctions between the two terms of "attachment" or "garnishment", Oklahoma Statutes and decisional law tend to make the terms synonymous. By such terms, reference is made to those processes issued by a court of competent jurisdiction by which property is taken into custody to be subjected to a creditor's claim. 12 O.S. 1151 [12-1151] et seq. (1971), as amended; Berry-Beall Dry Goods Co. v. Adams,87 Okl. 54, 211 P. 79 (1922). Garnishment is but a species of attachment. Public Finance Co. v. Jump, 192 Okl. 368,136 P.2d 706 (1943). Both methods of collection arise from provisions of statute relating to civil actions for debt. 12 O.S. 1151 [12-1151] and 12 O.S. 1171 [12-1171] (1971), as amended. Delinquent ad valorem tax collection, however, is governed by separate statutes, the manner and mode of which is exclusive. As stated in McDonald v. Duckworth,197 Okl. 576, 173 P.2d 436, 438 (1946): "We have also held that ad valorem taxes are not debts but are positive acts of the government, are the creatures of statute, and must be enforced in the manner provided by statute. We have also held that the statutes of this state provide a full and comprehensive system by which delinquent taxes on real estate may be collected by sale of such real estate as provided by statute." See also City of Sapulpa v. Land,101 Okl. 22, 223 P. 640 (1924); Prince v. St. Louis-San Francisco Ry. Co., 110 Okl. 141, 237 P. 106 (1925), in which the Court said that tax collectors may not set up a "roving commission to levy and collect taxes" but may only perform their duties "in the manner prescribed by law." 237 P. 108. The manner prescribed by law for the collection of delinquent personal property taxes is described in 68 O.S. 24303 [68-24303] et seq. (1973), as amended. In summary, the County Treasurer at the prescribed time is required to give notice by mail of the delinquency and, if not paid, the taxes are entered on the personal tax lien docket of the Treasurer, the attaching to realty of the tax payer and having life for a period of seven (7) years. 68 O.S. 24305 [68-24305] and 68 O.S. 24306 [68-24306]. Upon demand by any person or when deemed advisable by the Treasurer, tax warrants for the collections may be issued to the County Sheriff, the process, in pertinent part, being described in 68 O.S. 24306.1 [68-24306.1] (1979): "A. . . . "2. The tax warrant shall be issued or directed against any person or legal entity who had possession, control or an interest in personal property at the time the taxes were assessed. "3. The tax warrant shall command the sheriff to collect the amount due for unpaid taxes, penalties and interest thereon, cost of advertising, sheriff's collection fees and any other lawful fees on personal property belonging to the person to whom such taxes were assessed, and if no personal property is found, then upon any real property such person owns or in which he has an interest. "B. 1. The sheriff, upon receiving a tax warrant, shall levy said warrant and sell the property of the taxpayer in the manner and form as provided for the sale of personal and/or real property on execution. "2. The sheriff shall pay the total amount received from the sale of personal and/or real property to the county treasurer. "3. The tax warrant shall be returned by the sheriff within sixty (60) days after its issuance. "4. Failure to collect or return the tax warrant as provided in this section, shall subject the sheriff to the same penalties as provided by law for the failure to collect or return execution." In the context of your question, a "warrant" is a command of one duly authorized officer County Treasurer to another County Sheriff to do an act collect taxes by levying on personal or real property . In short, a warrant is itself a "process" or command. County Excise Board of Creek County v. Gulf Pipe Line Co.,156 Okl. 103, 9 P.2d 460 (1931); In re Protest of St. Louis-San Francisco Ry. Co., 157 Okl. 131, 11 P.2d 189
(1932); see also Black's Law Dictionary (4th Ed.) p. 1756. In that connection, the warrant is an alternative species of attachment and is exclusively tailored for the collection of delinquent taxes. Under statute, the tax warrant commands the Sheriff to levy upon the property of the delinquent tax payer and to sell the property in satisfaction of the unpaid taxes, penalties, interest and fees. The use of the process of garnishment or attachment is not only unauthorized by statute but is unnecessary since the tax warrant serves the same function. It is, therefore, the official Opinion of the Attorney General: 1. Writs of garnishment and attachment are not available to a County Sheriff as a means of collecting delinquent ad valorem taxes, including personal property taxes; 2. The exclusive authority or procedure available to a County Sheriff for the collection of ad valorem taxes on personal property is upon the issuance of a tax warrant as prescribed in 68 O.S. 24306.1 [68-24306.1] (1979) commanding the levy upon personal property or, if no personalty is found, upon any real property of the tax payer, subject to lawful exemptions. (MANVILLE T. BUFORD) (ksg)