Douglas E. MOWDY, Appellant,

v.

The STATE of Oklahoma ex rel. DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 47312.

Supreme Court of Oklahoma.

June 25, 1974.

Robert W. Pittman, Oklahoma City, for appellant.

Leroy Patton, Atty., Dept. of Public Safety, State of Oklahoma, Oklahoma City, Earl Donaldson, Legal Intern, for appellee.

SIMMS, Justice:

Appellant seeks review of a district court judgment sustaining an order by the Commissioner of Public Safety revoking the drivers license of appellant. The district court judgment was entered November 9, 1973. Appellant filed a motion for new trial December 3, 1973, with a notation of leave granted by the trial judge to file out of time. The motion was denied by order entered December 21, 1973.

Before the thirty day period for filing a petition in error had lapsed, the trial judge allegedly told the defendant's attorney that the denial of the motion for new trial might have been erroneous and he would reconsider if the defendant would file a second motion for new trial. The trial judge took the position that he could control his own judgment for thirty days after it was entered, in accordance with 12 O.S.1971, § 1031.1. Therefore, on January 17, 1974, defendant was given permission to file his second motion for new trial out of time.

The second motion for new trial was denied on February 7, 1974. This appeal was commenced March 8, 1974.

The appellee moves this Court to dismiss the appeal since the petition in error was not filed within 30 days of the final order of the District Court. Appellant urges that there was no final judgment until February 7, 1974, when the second motion for new trial was denied.

Title 12, O.S.1971, § 1031.1 grants the time limitation in which a trial court may correct, open, modify or vacate a judgment for any of the reasons specified in 12 O.S. 1971, § 1031, or § 1038.

Section 1031 gives the district court the power to vacate or modify its own judgments, inter alia, "By granting a new trial for the cause, with the *Time* and in the manner prescribed in Section 653 of this title." (E.A.)

An appeal to the Supreme Court from an order of the district court cancelling, suspending, or revoking a license may be perfected under the provisions of 47 O. S.1971, § 6–211(i), simply by filing a petition in error with complete transcript within twenty (20) days from the date of the final order in the district court. However, the provisions of 47 O.S.1971, § 6–211 are not exclusive in driver's license appeals. Rules on Perfecting a Civil Appeal, Title 12, O.S. Ch. 15, App. 2, Rule 1.15(b) provides:

> "An appeal from a district court's decision falling within the provisions of 47 O.S.Supp. 1969 § 6–211, Subdiv. (i) (to review a person's right to a driver license) * * * may be prosecuted either within the time and in the manner provided by the cited sections or in accordance with these rules; * * *"

Rule 1.12, provides the filing of a motion for new trial will not extend the time for appeal unless the motion for new trial be "timely" filed. Because appellant obviously relied upon the ruling of his motion for new trial as the basis of this attempted appeal, the time limit for the filing of his motion for new trial was governed by the provisions of 12 O.S.1971, § 653.

Section 653 requires that a motion for a new trial be filed within 10 days after the decision of the court. There is no allegation or supporting affidavit that any of the exceptions to this statute were applicable. Therefore, the filing of the motion for new trial on December 3, 1973, was ineffective. Thus, the judgment became fi-

nal on November 9, 1973. Timeplan Corp. v. O'Connor, Okl., 461 P.2d 935 (1969).

Since the appeal was not commenced within thirty days from the date of the final judgment, 12 O.S.1971, § 990, the appeal is Dismissed.

All the Justices concur.