OSCN Found Document:IN RE AMENDMENT OF RULE 1.21 OF OKLAHOMA SUPREME COURT RULES

 

 
 

 
 IN RE AMENDMENT OF RULE 1.21 OF OKLAHOMA SUPREME COURT RULES
2021 OK 41
Decided: 06/28/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 41, __ P.3d __

 

IN RE: Amendment of Rule 1.21 of the Oklahoma Supreme Court Rules

ORDER

Â¶1 Rule 1.21 of the Oklahoma Supreme Court Rules, Okla. Stat. tit. 12, ch. 15, app. 1, is hereby amended as shown on the attached Exhibit "A." Rule 1.21, with the amended language noted, is attached as Exhibit "B". The amended Rule will be effective July 15, 2021.

Â¶2 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 28th day of June, 2021.

/S/ACTING CHIEF JUSTICE

Kane, V.C.J., Kauger, Edmondson, Combs, Gurich and Rowe, JJ., concur;

Darby, C.J. and Winchester, J., not voting;

Â 

Â 

EXHIBIT A

Okla. Sup. Ct. R.

1.21 Computation of time for commencement of appeal

(a) District Court Appeals. 

An appeal from the district court may be commenced by filing a petition in error with the Clerk of the Supreme Court within thirty days from the date the judgment, decree, or appealable order prepared in conformance with 12 O.S. Â§ 696.3 was filed with the clerk of the district court. 12 O.S. Â§ 990A.

The following shall not constitute a judgment, decree or appealable order: minute orders or minute entries; docket entries or docket minutes; a verdict; an informal statement of the proceedings and relief awarded, including, but not limited to, summary orders or summary minutes, or a letter or other writing to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order. 12 O.S. Â§696.2

The date of filing of a judgment, decree or appealable order with the clerk of the district court shall be presumed to be the date of the district court clerk's file stamp thereon.

If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the appellant. 12 O.S. Â§ 990A. See Tidemark Exploration, Inc. v. Good, 1998 OK 67, 967 P.2d 1194.

For cross or multiple appeals Rule 1.27 is applicable. The interval allowed for filing a petition in error may not be extended by either the district court or the Supreme Court.

The times to appeal final orders of tribunals other than the district court (for example, Corporation Commission, Tax Commission, and Court of Tax Review) are governed by the specific statutory authority for such appeals, except when these Rules specifically authorize a different period. See Part IV of these Rules.

(b) Time for Filing Petition in Error in Appeals to Review Driver's License Orders and Water Conservancy Decisions.

An appeal from a district court's decision falling within the provisions of 47 O.S. Â§ 6-211(M) (to review a person's right to a driver's license) may be prosecuted in the time provided by the cited section or these rules. See, 47 O.S. Â§ 6-211(M), Rules 1.34(c) and 1.10(c)(2), and Mowdy v. State ex rel. Dept. of Public Safety, 1974 OK 83, 524 P.2d 5.

Appeals under 82 O.S. Â§ 545 and 82 O.S. Â§ 508 (to review a decree establishing or refusing to establish a water conservancy district) may be prosecuted either within the time and in the manner provided by the cited sections or in accordance with these rules: but in water conservancy appeals, whether prosecuted in the statutory manner or under these rules, the party taking the appeal shall give a cost bond. Letteer v. Conservancy District No. 30, 1963 OK 218, 385 P.2d 796, 802.

(c) County Excise Board Budget Setting Appeals. 

Any party that takes issue with the actions of the county excise board in its budget setting process shall seek the proper remedy in the district court. After evidentiary hearing in the district court, any party aggrieved by a final order approving or disapproving the setting of a county budget by the excise board must file their petition in error within thirty (30) days of the filing of a final order.

(d) (1) Petition for Review of a Decision of the Workers' Compensation Commission 

The review of a decision of the Workers' Compensation Commission shall be brought in the time and manner as set forth in 85A O.S. Â§ 78 and Rules 1.100 - 1.106 of the Rules of the Supreme Court. The preparation of orders, decisions and awards and the taking of appeals in workers' compensation cases with injuries occurring on or after February 1, 2014, shall be governed by the provisions of Title 85 85A of the Oklahoma Statutes.

(2) Petition for Review of a Decision of the Workers' Compensation Court of Existing Claims. 

A review of a decision of the Workers' Compensation Court of Existing Claims shall be brought in the time and manner as set forth in 85A O.S. Â§ 400 and Rules 1.100 - 1.106 of the Rules of the Supreme Court. The preparation of orders, decisions and awards and the taking of appeals in workers' compensation cases with injuries occurring prior to February 1, 2014 shall be governed by the provisions of Title 85 as provided in the Court Rules of the Workers' Compensation Court and 85A O.S, Â§400 of the Oklahoma Statutes. The same rules apply to either a review of the decision of a trial judge or review of a decision by the three judge en banc panel.

Provisions in 12 O.S. Â§Â§ 696.2, 696.3 do not apply to orders, decisions and awards of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims. 12 O.S. Â§ 696.2 (G).

(e) Contempt Appeals and Juvenile Delinquency Appeals.

(1) An appeal or habeas corpus proceeding to review a sentence imposed for contempt of court occurring in a civil action or proceeding shall be brought in the Supreme Court; an appeal or habeas corpus proceeding to review a sentence imposed for contempt of court occurring in a criminal prosecution or a grand jury proceeding shall be brought in the Court of Criminal Appeals. If a contempt appeal or habeas corpus proceeding is not brought in the appellate court designated as proper by this rule, the case will be transferred to the proper court either on motion or sua sponte. Art. VII, 4, Okla.Const. A contempt appeal shall be considered timely brought for review, on transfer to either appellate court, if it was commenced in the Supreme Court within the time limit and in the manner prescribed by these Rules or in the Court of Criminal appeals within one hundred and twenty (120) days from the time judgment and sentence was imposed and in the manner prescribed by the rules of that court.

(2) An appeal or habeas corpus proceeding to review a trial court's decision in a proceeding for adjudication of juvenile delinquency or for certification of a juvenile to be prosecuted as an adult shall be brought in the Court of Criminal Appeals. An appeal or habeas corpus proceeding to review a trial court's decision in any other juvenile proceeding shall be brought in the Supreme Court. If a juvenile delinquency appeal or habeas corpus proceeding relative thereto is not brought in the appellate court designated as proper by this rule, the case will be transferred to the proper court either on motion or sua sponte. Art. VII, 4, Okla.Const. A juvenile delinquency appeal shall be considered timely brought for review, on transfer to either appellate court, if it was commenced in the Court of Criminal Appeals within one hundred and twenty (120) days from the time the decision was made and in the manner prescribed by the rules of that court or in the Supreme Court within the time limit and in the manner prescribed by these Rules.

Â 

EXHIBIT B

Okla. Sup. Ct. R.

1.21 Computation of time for commencement of appeal

(a) District Court Appeals.

An appeal from the district court may be commenced by filing a petition in error with the Clerk of the Supreme Court within thirty days from the date the judgment, decree, or appealable order prepared in conformance with 12 O.S. Â§ 696.3 was filed with the clerk of the district court. 12 O.S. Â§ 990A.

The following shall not constitute a judgment, decree or appealable order: minute orders or minute entries; docket entries or docket minutes; a verdict; an informal statement of the proceedings and relief awarded, including, but not limited to, summary orders or summary minutes, or a letter or other writing to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order. 12 O.S. Â§696.2 

The date of filing of a judgment, decree or appealable order with the clerk of the district court shall be presumed to be the date of the district court clerk's file stamp thereon.

If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, and the court records do not reflect the mailing of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was mailed to the appellant. 12 O.S. Â§ 990A. See Tidemark Exploration, Inc. v. Good, 1998 OK 67, 967 P.2d 1194.

For cross or multiple appeals Rule 1.27 is applicable. The interval allowed for filing a petition in error may not be extended by either the district court or the Supreme Court.

The times to appeal final orders of tribunals other than the district court (for example, Corporation Commission, Tax Commission, and Court of Tax Review) are governed by the specific statutory authority for such appeals, except when these Rules specifically authorize a different period. See Part IV of these Rules.

(b) Time for Filing Petition in Error in Appeals to Review Driver's License Orders and Water Conservancy Decisions. 

An appeal from a district court's decision falling within the provisions of 47 O.S. Â§ 6-211(M) (to review a person's right to a driver's license) may be prosecuted in the time provided by the cited section or these rules. See, 47 O.S. Â§ 6-211(M), Rules 1.34(c) and 1.10(c)(2), and Mowdy v. State ex rel. Dept. of Public Safety, 1974 OK 83, 524 P.2d 5.

Appeals under 82 O.S. Â§ 545 and 82 O.S. Â§ 508 (to review a decree establishing or refusing to establish a water conservancy district) may be prosecuted either within the time and in the manner provided by the cited sections or in accordance with these rules: but in water conservancy appeals, whether prosecuted in the statutory manner or under these rules, the party taking the appeal shall give a cost bond. Letteer v. Conservancy District No. 30, 1963 OK 218, 385 P.2d 796, 802.

(c) County Excise Board Budget Setting Appeals. 

Any party that takes issue with the actions of the county excise board in its budget setting process shall seek the proper remedy in the district court. After evidentiary hearing in the district court, any party aggrieved by a final order approving or disapproving the setting of a county budget by the excise board must file their petition in error within thirty (30) days of the filing of a final order.

(d) (1) Proceedings to Petition for Review of a Decision of the Workers' Compensation Court Commission 

An original proceeding in the Supreme Court to The review of a decision of the Workers' Compensation Court Commission shall be brought in the time and manner as set forth in 85 O.S. Â§ 340 85A O.S. Â§ 78 and Rules 1.100 - 1.106 of the Rules of the Supreme Court. The preparation of orders, decisions and awards and the taking of appeals in workers' compensation cases with injuries occurring on or after February 1, 2014, shall be governed by the provisions of Title 85 85A of the Oklahoma Statutes. 

(2) Petition for Review of a Decision of the Workers' Compensation Court of Existing Claims. 

A review of a decision of the Workers' Compensation Court of Existing Claims shall be brought in the time and manner as set forth in 85 O.S. Â§ 340 85A O.S. Â§ 400 and Rules 1.100 - 1.106 of the Rules of the Supreme Court. The preparation of orders, decisions and awards and the taking of appeals in workers' compensation cases with injuries occurring prior to February 1, 2014 shall be governed by the provisions of Title 85 as provided in the Court Rules of the Workers' Compensation Court and 85A O.S, Â§400 of the Oklahoma Statutes. The same rules apply to either a review of the decision of a trial judge or review of a decision by the three judge en banc panel. 

Those Provisions in 12 O.S. Â§Â§ 696.2, 696.3 do not apply to orders, decisions and

awards of the Workers' Compensation Court Commission or the Workers' Compensation Court of Existing Claims. 12 O.S. Â§ 696.2(E) (G). 

(e) Contempt Appeals and Juvenile Delinquency Appeals. 

(1) An appeal or habeas corpus proceeding to review a sentence imposed for contempt of court occurring in a civil action or proceeding shall be brought in the Supreme Court; an appeal or habeas corpus proceeding to review a sentence imposed for contempt of court occurring in a criminal prosecution or a grand jury proceeding shall be brought in the Court of Criminal Appeals. If a contempt appeal or habeas corpus proceeding is not brought in the appellate court designated as proper by this rule, the case will be transferred to the proper court either on motion or sua sponte. Art. VII, 4, Okla.Const. A contempt appeal shall be considered timely brought for review, on transfer to either appellate court, if it was commenced in the Supreme Court within the time limit and in the manner prescribed by these Rules or in the Court of Criminal appeals within one hundred and twenty (120) days from the time judgment and sentence was imposed and in the manner prescribed by the rules of that court.

(2) An appeal or habeas corpus proceeding to review a trial court's decision in a proceeding for adjudication of juvenile delinquency or for certification of a juvenile to be prosecuted as an adult shall be brought in the Court of Criminal Appeals. An appeal or habeas corpus proceeding to review a trial court's decision in any other juvenile proceeding shall be brought in the Supreme Court. If a juvenile delinquency appeal or habeas corpus proceeding relative thereto is not brought in the appellate court designated as proper by this rule, the case will be transferred to the proper court either on motion or sua sponte. Art. VII, 4, Okla.Const. A juvenile delinquency appeal shall be considered timely brought for review, on transfer to either appellate court, if it was commenced in the Court of Criminal Appeals within one hundred and twenty (120) days from the time the decision was made and in the manner prescribed by the rules of that court or in the Supreme Court within the time limit and in the manner prescribed by these Rules.