IN RE AMENDMENT OF OKLA. SUPREME COURT RULES FOR DRIVER'S LICENSE APPEALS
2023 OK 76
Decided: 06/19/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 76, __ P.3d __

 
IN RE: AMENDMENT OF OKLAHOMA SUPREME COURT RULES FOR DRIVER'S LICENSE APPEALS
ORDER
¶1 The Court hereby amends Rules 1.10, 1.21, and 1.34, Oklahoma Supreme Court Rules, 12 O.S., ch. 15, app 1., as shown on the attached Exhibits A and B, effective immediately.
¶2 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 19th DAY OF JUNE, 2023.
/S/CHIEF JUSTICE
ALL JUSTICES CONCUR.

EXHIBIT A
Oklahoma Supreme Court Rules
Rule 1.10 Briefs
(a) Time to File Briefs, Copies, Waiver of Brief, Filing in the Trial Court, and Dismissal for Failure to File.
(1) In All Appeals. In all appeals, except for those pursuant to Rule 1.36 and as otherwise provided by these Rules, the appellant, including any appellant on a co-appeal, shall file a Brief-in-chief in this Court within sixty (60) days from the date the Notice of Completion of Record is filed in the Supreme Court. The appellee shall file an Answer Brief within forty (40) days after the filing of the Brief-in-chief by the appellant. The appellant may file a Reply Brief within twenty (20) days after the filing of the Answer Brief by the appellee. The times to file briefs in appeals from tribunals other the District Court are set by rules for the specific appeals. For examples, see Rules 1.90, 1.119, 1.130, 1.143, 1.156, and 1.162. Briefing in review of a decision of the Workers' Compensation Commission or a decision of the Workers' Compensation Court of Existing Claims is governed by Rule 1.105.
(2) Original Jurisdiction Proceedings. The requirements for the time to file briefs in original jurisdiction proceedings are governed by Rule 1.191.
(3) Filing Appellate Brief in Lower Tribunal. One copy of each brief on appeal, or waiver of right to file brief, shall be filed with the clerk of the trial court or other lower tribunal within five (5) days of its filing in this Court.
(4) Briefs in Appeals From Summary Judgments and Certain Dismissals. The requirements for briefs in an appeal from summary judgments and certain dismissals are governed by Rule 1.36.
(5) Filing Waiver. In any proceeding before the Court, whether original jurisdiction or appellate, any party who chooses not to file an Answer or Reply Brief shall file a "Waiver of Right To File Brief" within the time allowed for filing the brief. An original and 14 copies of the waiver shall be filed.
(6) Copies. One original and fourteen copies of the brief shall be filed for every brief filed in any appeal.
(7) Dismissal for Failure to File. An appeal from the district court or other tribunal may be dismissed by this Court when appellant has failed to timely file the Brief-in-chief and has failed to timely respond to this Court's order to file the required brief. The Court may dismiss an appeal without notice when six months have transpired since the filing of the Notice of Completion of Record and no Brief-in-chief has been filed and where no extension of time for the Brief-in-chief has been granted.
(b) Briefs in Multiple Appeals. An appellee's Answer Brief shall be combined with the Brief-in-chief on any counter or cross-appeal filed by the appellee, and such combined brief shall be filed within forty (40) days after the filing of the Brief-in-chief of the appellant. The Brief-in-chief on any other counter or cross-appeal shall be filed within forty (40) days after the filing of the Brief-in-chief of the appellant.
An appellant shall combine a Reply Brief, if any is filed, with an Answer Brief to a Brief-in-chief on a counter or cross-appeal against the appellant, and such combined brief shall be filed within thirty (30) days after the filing of the Brief-in-chief on the counter or cross-appeal. Any other party against whom a counter or cross-appeal has been filed shall file an Answer Brief within thirty (30) days after the filing of the Brief-in-chief on such counter or cross-appeal.
A counter or cross-appellant may file a Reply Brief to the Answer Brief on the counter or cross-appeal within twenty (20) days after the filing of the Answer Brief on the counter or cross-appeal.
(c) Briefs in Specific Appeals.
(1) County Budgets: Appeals From a Final Order of the District Court Approving or Disapproving a County Budget. The appellant shall file a Brief-in-chief in this Court within thirty (30) days from filing of Petition in Error; the appellee shall file an Answer Brief within twenty (20) days after the filing of the brief of the appellant; the appellant may file a Reply Brief within five (5) days after the filing of the Answer Brief by the appellee.
(2) Drivers' Licenses. In all drivers' license appeals to this Court challenging a decision within the provisions of 47 O.S. § 6-211(MK), whether prosecuted under these Rules or the cited section, the appellant's Brief-in-chief shall be filed simultaneously with the Petition in Error. Appellee's Answer Brief shall be filed twenty (20) days after filing of the appellant's Petition in Error and brief. The appellant may file a Reply Brief ten (10) days after the filing of the Answer Brief.
(3) Juvenile Appeals. In an appeal from a District Court to the Oklahoma Supreme Court and involving a judgment or order issued pursuant to Title 10 of the Oklahoma Statutes in paternity proceedings, or 10A in Oklahoma Children and Juvenile Code proceedings, or Oklahoma Adoption Code proceedings, (sometimes referred to as a "juvenile appeal"), appellant's Brief-in-chief shall be filed within twenty (20) days after the clerk of the District Court notifies all parties that the record is complete and such notice has been filed with the Clerk of the Supreme Court. Appellee's Answer Brief shall be filed within fifteen (15) days after the Briefinchief is filed. Appellant's Reply Brief may be filed within ten (10) days after the Answer Brief is filed. See 10 O.S. § 80 (paternity appeal); 10A O.S. § 1-5-103 (Oklahoma Children's Code appeal); and 10 O.S. §§ 7505-2.1, 7505-4.1, & 7505-7.1 (Oklahoma Adoption Code appeal).
Although, strictly speaking, not all of the proceedings listed here under the collective label of "juvenile appeals" are properly includable under that rubric, we group them together, as a matter of convenience, solely for the purpose of applying to them the same rules. See also Okla.Sup.Ct.R. 1.23(d), 1.28(b)(3) & (k), and 1.34(e).
(d) Extension or Reduction of Briefing Time. Briefing time may be extended or reduced by direction of this Court. A motion to extend briefing time is governed by Rule 1.6.
(e) Suspension of Time to File Brief While Motion to Dismiss Pending. When a motion to dismiss an appeal is filed, the time prescribed for briefing shall remain suspended and shall not recommence to run until disposition of the motion is effected by this court.
(f) Federal Certified Question. Upon the filing in this Court of an order certifying a question of law to this Court pursuant to 20 O.S. § 1601, et seq., and receipt of the record from the certifying court, this Court may in its discretion set a briefing schedule. Briefs shall be strictly limited to the question certified and shall otherwise comply with Rule 1.11.
Oklahoma Supreme Court Rules
Rule 1.21 Computation of Time for Commencement of Appeal
(a) District Court Appeals.
An appeal from the district court is commenced by filing a petition in error with the Clerk of the Supreme Court within thirty days from the date the judgment, decree, or appealable order prepared in conformance with 12 O.S. § 696.3 is filed with the clerk of the district court. 12 O.S. § 990A.
The following shall not constitute a judgment, decree or appealable order: minute orders or minute entries; docket entries or docket minutes; a verdict; an informal statement of the proceedings and relief awarded, including, but not limited to, summary orders or summary minutes, or a letter or other writing to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order. 12 O.S. §696.2
The date of filing of a judgment, decree or appealable order with the clerk of the district court shall be presumed to be the date of the district court clerk's file stamp thereon.
If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, the appellee may limit the appellant's time for lodging an appeal by filing proof of service on the appellant with the district court clerk. See 12 O.S. § 990A(A); Owens v. Owens, 2023 OK 12.
For cross or multiple appeals Rule 1.27 is applicable. The interval allowed for filing a petition in error may not be extended by either the district court or the Supreme Court.
The times to appeal final orders of tribunals other than the district court (for example, Corporation Commission, Tax Commission, and Court of Tax Review) are governed by the specific statutory authority for such appeals, except when these Rules specifically authorize a different period. See Part IV of these Rules.
(b) Time for Filing Petition in Error in Appeals to Review Driver's License Orders and Water Conservancy Decisions.
An appeal from a district court's decision falling within the provisions of 47 O.S. § 6-211(MK) (to review a person's right to a driver's license) may be prosecuted in the time provided by the cited section or these rules. See, 47 O.S. § 6-211(MK), Rules 1.34(c) and 1.10(c)(2), and Mowdy v. State ex rel. Dept. of Public Safety, 1974 OK 83, 524 P.2d 5.
Appeals under 82 O.S. § 545 and 82 O.S. § 508 (to review a decree establishing or refusing to establish a water conservancy district) may be prosecuted either within the time and in the manner provided by the cited sections or in accordance with these rules: but in water conservancy appeals, whether prosecuted in the statutory manner or under these rules, the party taking the appeal shall give a cost bond. Letteer v. Conservancy District No. 30, 1963 OK 218, 385 P.2d 796, 802.
(c) County Excise Board Budget Setting Appeals.
Any party that takes issue with the actions of the county excise board in its budget setting process shall seek the proper remedy in the district court. After evidentiary hearing in the district court, any party aggrieved by a final order approving or disapproving the setting of a county budget by the excise board must file their petition in error within thirty (30) days of the filing of a final order.
(d) (1) Petition for Review of a Decision of the Workers' Compensation Commission.
The review of a decision of the Workers' Compensation Commission shall be brought in the time and manner as set forth in 85A O.S. § 78 and Rules 1.100 - 1.106 of the Rules of the Supreme Court. The preparation of orders, decisions and awards and the taking of appeals in workers' compensation cases with injuries occurring on or after February 1, 2014, shall be governed by the provisions of Title 85A of the Oklahoma Statutes.
(2) Petition for Review of a Decision of the Workers' Compensation Court of Existing Claims.
A review of a decision of the Workers' Compensation Court of Existing Claims shall be brought in the time and manner as set forth in 85A O.S. § 400 and Rules 1.100 - 1.106 of the Rules of the Supreme Court. The preparation of orders, decisions and awards and the taking of appeals in workers' compensation cases with injuries occurring prior to February 1, 2014 shall be governed by the provisions of Title 85 as provided in the Court Rules of the Workers' Compensation Court and 85A O.S, §400 of the Oklahoma Statutes. The same rules apply to either a review of the decision of a trial judge or review of a decision by the three judge en banc panel.
Provisions in 12 O.S. §§ 696.2, 696.3 do not apply to orders, decisions and awards of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims. 12 O.S. § 696.2 (G).
(e) Contempt Appeals and Juvenile Delinquency Appeals.
(1) An appeal or habeas corpus proceeding to review a sentence imposed for contempt of court occurring in a civil action or proceeding shall be brought in the Supreme Court; an appeal or habeas corpus proceeding to review a sentence imposed for contempt of court occurring in a criminal prosecution or a grand jury proceeding shall be brought in the Court of Criminal Appeals. If a contempt appeal or habeas corpus proceeding is not brought in the appellate court designated as proper by this rule, the case will be transferred to the proper court either on motion or sua sponte. Art. VII, 4, Okla.Const. A contempt appeal shall be considered timely brought for review, on transfer to either appellate court, if it was commenced in the Supreme Court within the time limit and in the manner prescribed by these Rules or in the Court of Criminal appeals within one hundred and twenty (120) days from the time judgment and sentence was imposed and in the manner prescribed by the rules of that court.
(2) An appeal or habeas corpus proceeding to review a trial court's decision in a proceeding for adjudication of juvenile delinquency or for certification of a juvenile to be prosecuted as an adult shall be brought in the Court of Criminal Appeals. An appeal or habeas corpus proceeding to review a trial court's decision in any other juvenile proceeding shall be brought in the Supreme Court. If a juvenile delinquency appeal or habeas corpus proceeding relative thereto is not brought in the appellate court designated as proper by this rule, the case will be transferred to the proper court either on motion or sua sponte. Art. VII, 4, Okla.Const. A juvenile delinquency appeal shall be considered timely brought for review, on transfer to either appellate court, if it was commenced in the Court of Criminal Appeals within one hundred and twenty (120) days from the time the decision was made and in the manner prescribed by the rules of that court or in the Supreme Court within the time limit and in the manner prescribed by these Rules.
(f) Appeals from the Termination of Parental Rights.
(1) An appeal from the termination of parental rights shall be initiated by filing a Petition in Error in this Court within thirty days of the order appealed from. 10A O.S. § 1-5-103(A); Supreme Court Rules 1.4, 1.23.
(2) A party who wishes to challenge the termination of parental rights is entitled to the effective assistance of counsel at trial, as well as in perfecting any appeal. 10A O.S. § 1-4-306(A); Matter of J.L.O., 2018 OK 77, ¶ 35, 428 P.3d 881; Supreme Court Rules 1.4, 1.23(a)-(d); Oklahoma Rules of Professional Conduct, 5 O.S., Ch. 1, App. 3--A; cf. Abels v. Kaiser, 913 F.2d 821 (10th Cir. 1990).
(3) If, through no fault of the appealing party, the Petition in Error is not timely filed, the party may file a motion with the trial court seeking an order recommending a late appeal. The motion shall detail why the party believes their inability to timely file an appeal was through no fault of their own. A copy of the motion shall be served on all other parties, who may respond to the request.
(4) The trial court may hold a hearing on the matter if necessary. The trial court shall issue, and file with the district court clerk, an order containing findings of fact and a conclusion as to whether a late appeal should or should not be granted by this Court. A file-stamped copy of that order shall be served on all parties.
(5) Within thirty days after the filing of that order, the party seeking a late appeal shall file a Petition in Error in this Court including a file-stamped copy of the order. Whether or not a late appeal is granted will be determined by this Court.
 
Oklahoma Supreme Court Rules
1.34 Time for Completion of Record
(a) Time to Make Record Ready for Transmission. The record on appeal shall be ready for transmission to this court not later than six months from the date of the judgment or order appealed. When statute or specific rule requires completion of the record earlier than six months from the date of judgment that statute or rule shall be followed. See, e.g., 1.34(b), (c), (d), and (e). Appellant must monitor the preparation of the record and seek the appropriate relief when necessary for its timely preparation. See Rule 1.33(c), Rule 1.34(g). All transcripts shall be ordered and designations of record made in sufficient time that the entire record on appeal (including transcripts) may be completed and transmitted within the time limits required by statute or these rules.
(b) County Budget Appeals. In appeals from a final order of the district court approving or disapproving the setting of a county budget the record shall be ready for transmission to this court within thirty (30) days of the date of the judgment. If a transcript is sought to be included in the record on review, it shall be the responsibility of the trial court to expedite the preparation thereof by such orders, prospective or retrospective, in effect as may seem proper to assure the earliest possible completion of the record.
(c) Driver's License Appeals.
(1) Conventional Means: In all appeals from decisions falling within the provisions of 47 O.S. § 6-211(MK) (driver's license appeals), whether prosecuted under these Rules or under the cited section, the record shall be filed in the Supreme Court with the petition in error, except as provided in section (2) below.
(2) Electronic filing via OUCMS: Where the OUCMS has been implemented in both the district and appellate court at the time the appeal is commenced, the appellant shall electronically file a designation of record with the district court clerk and the appellate court clerk no later than the date of the filing of the petition in error. The electronic record shall be prepared and transmitted by the district court clerk as in appeals from other final district court orders except that the record shall be transmitted to the Clerk of the Supreme Court by the district court no later than thirty (30) days after the petition in error is filed.
(d) Water Conservancy Appeals. In appeals involving water conservancy districts, 82 O.S. § 545 and 82 O.S. § 508, the record shall be ready for transmission within the time limits prescribed in those statutes for filing the appeal.
(e) Juvenile Appeals. In an appeal from a District Court to the Oklahoma Supreme Court and involving a judgment or order issued pursuant to Title 10 of the Oklahoma Statutes in paternity proceedings, or Oklahoma Children's Code proceedings, or Oklahoma Juvenile Code proceedings, or Oklahoma Adoption Code proceedings, (sometimes referred to as a "juvenile appeal"), the Notice of Completion of Record shall be filed in the Supreme Court immediately upon completion of the record on appeal. In all juvenile appeals other than appeals from adoption orders, the record on appeal shall be completed for transmission no later than sixty (60) days from the date of the order or judgment appealed. In appeals pursuant to the Oklahoma Adoption Code the record on appeal shall be completed no later than thirty (30) days from the date the petition in error is filed in the Oklahoma Supreme Court. See 10 O.S. § 80 (paternity appeal); 10A O.S. § 1-5-103 (Oklahoma Children's Code appeal); and 10 O.S. §§ 7505-2.1, 7505-4.1, & 7505-7.1 (Oklahoma Adoption Code appeal).
(f) Reserved.
(g) Extension of Date for Completion of Record. The appealing party, whether an appellant, counter or cross-appellant, bears responsibility to ensure timely preparation of an adequate record to review the issues urged by that party. The appealing party must timely order and pay for transcripts, designate record, monitor proper completion in the trial court, and request any extensions of time if necessary for the performance of duties of the court reporter or district court clerk.
To obtain an extension of time to file the Notice of Completion of Record in the Supreme Court the appellant must file a motion for extension of time prior to the due date of the Notice of Completion of Record. A court reporter or court clerk may not file a motion for extension of time to file the Notice of Completion of Record.
The appellant's motion for extension of time must show good cause for the extension. Good cause for the delay in completing the transcripts or compiling the record shall be shown by attachment of an affidavit of the court reporter or court clerk, as applicable. No more than one thirty (30) day extension of time shall be granted to file a Notice of Completion of Record. The motion must comply with Rule 1.6.
(h) Duties of Clerk on Completion of Record. The clerk of the trial court shall upon completing the record for the appeal:
I. file with the Clerk of the Supreme Court a Notice of Completion of Record (Rule 1.301, Form 12, with Index of Record attached) stating that the record on appeal has been completed for transmission, and the parties or their counsel have been notified, or for those clerks filing the record electronically through OUCMS, file the Certification and Notice of Completion of Electronic Record (Rule 1.301, Form 12A) at the time the electronic record is transmitted and;
II. notify all parties or their counsel when the record on appeal has been completed and Rule 1.301, Form 12 or Form 12A has been filed with the Supreme Court.
(i) Duty of Clerk if Designations Do Not Require Proceedings or Evidence to Be Transcribed. If the designations do not require any part of the proceedings or evidence to be transcribed, the clerk shall immediately file a Notice of Completion of Record with the Clerk of the Supreme Court and notify the parties that the record on appeal has been completed, is ready for transmission to the court, and that a Notice of Completion of Record has been filed. For those clerks filing the record electronically through OUCMS, the clerk shall file the Certification and Notice of Completion of Electronic Record (Rule 1.301, Form 12A) at the time the electronic record is transmitted.
(j) Record in Appeals From Summary Judgments and Dismissals. In appeals from summary judgments and dismissals governed by Rule 1.36 the record is required to be filed with the petition in error and any supplement may be filed with the response to the petition in error, as provided therein. In appeals filed electronically through the OUMCS, the record shall be completed and transmitted in the same manner as appeals from other district court final orders or judgments, but in any event, no later than 60 days after the petition in error is filed.
(k) Duties of Court Clerk when Unable to Complete E-Record
When unable to complete the E-Record within the prescribed time, the clerk of the trial court shall:
I. file with the Clerk of the Supreme Court a Notice of Non-Completion of E-Record (Rule 1.301, Form 12B) stating the reason(s) that the record on appeal cannot be completed and that the parties or their counsel have been notified, and;
II. send a copy of Form 12B to all parties or their counsel.

EXHIBIT B
Oklahoma Supreme Court Rules
Rule 1.10 Briefs
(a) Time to File Briefs, Copies, Waiver of Brief, Filing in the Trial Court, and Dismissal for Failure to File.
(1) In All Appeals. In all appeals, except for those pursuant to Rule 1.36 and as otherwise provided by these Rules, the appellant, including any appellant on a co-appeal, shall file a Brief-in-chief in this Court within sixty (60) days from the date the Notice of Completion of Record is filed in the Supreme Court. The appellee shall file an Answer Brief within forty (40) days after the filing of the Brief-in-chief by the appellant. The appellant may file a Reply Brief within twenty (20) days after the filing of the Answer Brief by the appellee. The times to file briefs in appeals from tribunals other the District Court are set by rules for the specific appeals. For examples, see Rules 1.90, 1.119, 1.130, 1.143, 1.156, and 1.162. Briefing in review of a decision of the Workers' Compensation Commission or a decision of the Workers' Compensation Court of Existing Claims is governed by Rule 1.105.
(2) Original Jurisdiction Proceedings. The requirements for the time to file briefs in original jurisdiction proceedings are governed by Rule 1.191.
(3) Filing Appellate Brief in Lower Tribunal. One copy of each brief on appeal, or waiver of right to file brief, shall be filed with the clerk of the trial court or other lower tribunal within five (5) days of its filing in this Court.
(4) Briefs in Appeals From Summary Judgments and Certain Dismissals. The requirements for briefs in an appeal from summary judgments and certain dismissals are governed by Rule 1.36.
(5) Filing Waiver. In any proceeding before the Court, whether original jurisdiction or appellate, any party who chooses not to file an Answer or Reply Brief shall file a "Waiver of Right To File Brief" within the time allowed for filing the brief. An original and 14 copies of the waiver shall be filed.
(6) Copies. One original and fourteen copies of the brief shall be filed for every brief filed in any appeal.
(7) Dismissal for Failure to File. An appeal from the district court or other tribunal may be dismissed by this Court when appellant has failed to timely file the Brief-in-chief and has failed to timely respond to this Court's order to file the required brief. The Court may dismiss an appeal without notice when six months have transpired since the filing of the Notice of Completion of Record and no Brief-in-chief has been filed and where no extension of time for the Brief-in-chief has been granted.
(b) Briefs in Multiple Appeals. An appellee's Answer Brief shall be combined with the Brief-in-chief on any counter or cross-appeal filed by the appellee, and such combined brief shall be filed within forty (40) days after the filing of the Brief-in-chief of the appellant. The Brief-in-chief on any other counter or cross-appeal shall be filed within forty (40) days after the filing of the Brief-in-chief of the appellant.
An appellant shall combine a Reply Brief, if any is filed, with an Answer Brief to a Brief-in-chief on a counter or cross-appeal against the appellant, and such combined brief shall be filed within thirty (30) days after the filing of the Brief-in-chief on the counter or cross-appeal. Any other party against whom a counter or cross-appeal has been filed shall file an Answer Brief within thirty (30) days after the filing of the Brief-in-chief on such counter or cross-appeal.
A counter or cross-appellant may file a Reply Brief to the Answer Brief on the counter or cross-appeal within twenty (20) days after the filing of the Answer Brief on the counter or cross-appeal.
(c) Briefs in Specific Appeals.
(1) County Budgets: Appeals From a Final Order of the District Court Approving or Disapproving a County Budget. The appellant shall file a Brief-in-chief in this Court within thirty (30) days from filing of Petition in Error; the appellee shall file an Answer Brief within twenty (20) days after the filing of the brief of the appellant; the appellant may file a Reply Brief within five (5) days after the filing of the Answer Brief by the appellee.
(2) Drivers' Licenses. In all drivers' license appeals to this Court challenging a decision within the provisions of 47 O.S. § 6-211(K), whether prosecuted under these Rules or the cited section, the appellant's Brief-in-chief shall be filed simultaneously with the Petition in Error. Appellee's Answer Brief shall be filed twenty (20) days after filing of the appellant's Petition in Error and brief. The appellant may file a Reply Brief ten (10) days after the filing of the Answer Brief.
(3) Juvenile Appeals. In an appeal from a District Court to the Oklahoma Supreme Court and involving a judgment or order issued pursuant to Title 10 of the Oklahoma Statutes in paternity proceedings, or 10A in Oklahoma Children and Juvenile Code proceedings, or Oklahoma Adoption Code proceedings, (sometimes referred to as a "juvenile appeal"), appellant's Brief-in-chief shall be filed within twenty (20) days after the clerk of the District Court notifies all parties that the record is complete and such notice has been filed with the Clerk of the Supreme Court. Appellee's Answer Brief shall be filed within fifteen (15) days after the Briefinchief is filed. Appellant's Reply Brief may be filed within ten (10) days after the Answer Brief is filed. See 10 O.S. § 80 (paternity appeal); 10A O.S. § 1-5-103 (Oklahoma Children's Code appeal); and 10 O.S. §§ 7505-2.1, 7505-4.1, & 7505-7.1 (Oklahoma Adoption Code appeal).
Although, strictly speaking, not all of the proceedings listed here under the collective label of "juvenile appeals" are properly includable under that rubric, we group them together, as a matter of convenience, solely for the purpose of applying to them the same rules. See also Okla.Sup.Ct.R. 1.23(d), 1.28(b)(3) & (k), and 1.34(e).
(d) Extension or Reduction of Briefing Time. Briefing time may be extended or reduced by direction of this Court. A motion to extend briefing time is governed by Rule 1.6.
(e) Suspension of Time to File Brief While Motion to Dismiss Pending. When a motion to dismiss an appeal is filed, the time prescribed for briefing shall remain suspended and shall not recommence to run until disposition of the motion is effected by this court.
(f) Federal Certified Question. Upon the filing in this Court of an order certifying a question of law to this Court pursuant to 20 O.S. § 1601, et seq., and receipt of the record from the certifying court, this Court may in its discretion set a briefing schedule. Briefs shall be strictly limited to the question certified and shall otherwise comply with Rule 1.11.
Oklahoma Supreme Court Rules
Rule 1.21 Computation of Time for Commencement of Appeal
(a) District Court Appeals.
An appeal from the district court is commenced by filing a petition in error with the Clerk of the Supreme Court within thirty days from the date the judgment, decree, or appealable order prepared in conformance with 12 O.S. § 696.3 is filed with the clerk of the district court. 12 O.S. § 990A.
The following shall not constitute a judgment, decree or appealable order: minute orders or minute entries; docket entries or docket minutes; a verdict; an informal statement of the proceedings and relief awarded, including, but not limited to, summary orders or summary minutes, or a letter or other writing to a party or parties indicating the ruling or instructions for preparing the judgment, decree or appealable order. 12 O.S. §696.2
The date of filing of a judgment, decree or appealable order with the clerk of the district court shall be presumed to be the date of the district court clerk's file stamp thereon.
If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be mailed to the appellant, the appellee may limit the appellant's time for lodging an appeal by filing proof of service on the appellant with the district court clerk. See 12 O.S. § 990A(A); Owens v. Owens, 2023 OK 12.
For cross or multiple appeals Rule 1.27 is applicable. The interval allowed for filing a petition in error may not be extended by either the district court or the Supreme Court.
The times to appeal final orders of tribunals other than the district court (for example, Corporation Commission, Tax Commission, and Court of Tax Review) are governed by the specific statutory authority for such appeals, except when these Rules specifically authorize a different period. See Part IV of these Rules.
(b) Time for Filing Petition in Error in Appeals to Review Driver's License Orders and Water Conservancy Decisions.
An appeal from a district court's decision falling within the provisions of 47 O.S. § 6-211(K) (to review a person's right to a driver's license) may be prosecuted in the time provided by the cited section or these rules. See, 47 O.S. § 6-211(K), Rules 1.34(c) and 1.10(c)(2), and Mowdy v. State ex rel. Dept. of Public Safety, 1974 OK 83, 524 P.2d 5.
Appeals under 82 O.S. § 545 and 82 O.S. § 508 (to review a decree establishing or refusing to establish a water conservancy district) may be prosecuted either within the time and in the manner provided by the cited sections or in accordance with these rules: but in water conservancy appeals, whether prosecuted in the statutory manner or under these rules, the party taking the appeal shall give a cost bond. Letteer v. Conservancy District No. 30, 1963 OK 218, 385 P.2d 796, 802.
(c) County Excise Board Budget Setting Appeals.
Any party that takes issue with the actions of the county excise board in its budget setting process shall seek the proper remedy in the district court. After evidentiary hearing in the district court, any party aggrieved by a final order approving or disapproving the setting of a county budget by the excise board must file their petition in error within thirty (30) days of the filing of a final order.
(d) (1) Petition for Review of a Decision of the Workers' Compensation Commission.
The review of a decision of the Workers' Compensation Commission shall be brought in the time and manner as set forth in 85A O.S. § 78 and Rules 1.100 - 1.106 of the Rules of the Supreme Court. The preparation of orders, decisions and awards and the taking of appeals in workers' compensation cases with injuries occurring on or after February 1, 2014, shall be governed by the provisions of Title 85A of the Oklahoma Statutes.
(2) Petition for Review of a Decision of the Workers' Compensation Court of Existing Claims.
A review of a decision of the Workers' Compensation Court of Existing Claims shall be brought in the time and manner as set forth in 85A O.S. § 400 and Rules 1.100 - 1.106 of the Rules of the Supreme Court. The preparation of orders, decisions and awards and the taking of appeals in workers' compensation cases with injuries occurring prior to February 1, 2014 shall be governed by the provisions of Title 85 as provided in the Court Rules of the Workers' Compensation Court and 85A O.S, §400 of the Oklahoma Statutes. The same rules apply to either a review of the decision of a trial judge or review of a decision by the three judge en banc panel.
Provisions in 12 O.S. §§ 696.2, 696.3 do not apply to orders, decisions and awards of the Workers' Compensation Commission or the Workers' Compensation Court of Existing Claims. 12 O.S. § 696.2 (G).
(e) Contempt Appeals and Juvenile Delinquency Appeals.
(1) An appeal or habeas corpus proceeding to review a sentence imposed for contempt of court occurring in a civil action or proceeding shall be brought in the Supreme Court; an appeal or habeas corpus proceeding to review a sentence imposed for contempt of court occurring in a criminal prosecution or a grand jury proceeding shall be brought in the Court of Criminal Appeals. If a contempt appeal or habeas corpus proceeding is not brought in the appellate court designated as proper by this rule, the case will be transferred to the proper court either on motion or sua sponte. Art. VII, 4, Okla.Const. A contempt appeal shall be considered timely brought for review, on transfer to either appellate court, if it was commenced in the Supreme Court within the time limit and in the manner prescribed by these Rules or in the Court of Criminal appeals within one hundred and twenty (120) days from the time judgment and sentence was imposed and in the manner prescribed by the rules of that court.
(2) An appeal or habeas corpus proceeding to review a trial court's decision in a proceeding for adjudication of juvenile delinquency or for certification of a juvenile to be prosecuted as an adult shall be brought in the Court of Criminal Appeals. An appeal or habeas corpus proceeding to review a trial court's decision in any other juvenile proceeding shall be brought in the Supreme Court. If a juvenile delinquency appeal or habeas corpus proceeding relative thereto is not brought in the appellate court designated as proper by this rule, the case will be transferred to the proper court either on motion or sua sponte. Art. VII, 4, Okla.Const. A juvenile delinquency appeal shall be considered timely brought for review, on transfer to either appellate court, if it was commenced in the Court of Criminal Appeals within one hundred and twenty (120) days from the time the decision was made and in the manner prescribed by the rules of that court or in the Supreme Court within the time limit and in the manner prescribed by these Rules.
(f) Appeals from the Termination of Parental Rights.
(1) An appeal from the termination of parental rights shall be initiated by filing a Petition in Error in this Court within thirty days of the order appealed from. 10A O.S. § 1-5-103(A); Supreme Court Rules 1.4, 1.23.
(2) A party who wishes to challenge the termination of parental rights is entitled to the effective assistance of counsel at trial, as well as in perfecting any appeal. 10A O.S. § 1-4-306(A); Matter of J.L.O., 2018 OK 77, ¶ 35, 428 P.3d 881; Supreme Court Rules 1.4, 1.23(a)-(d); Oklahoma Rules of Professional Conduct, 5 O.S., Ch. 1, App. 3--A; cf. Abels v. Kaiser, 913 F.2d 821 (10th Cir. 1990).
(3) If, through no fault of the appealing party, the Petition in Error is not timely filed, the party may file a motion with the trial court seeking an order recommending a late appeal. The motion shall detail why the party believes their inability to timely file an appeal was through no fault of their own. A copy of the motion shall be served on all other parties, who may respond to the request.
(4) The trial court may hold a hearing on the matter if necessary. The trial court shall issue, and file with the district court clerk, an order containing findings of fact and a conclusion as to whether a late appeal should or should not be granted by this Court. A file-stamped copy of that order shall be served on all parties.
(5) Within thirty days after the filing of that order, the party seeking a late appeal shall file a Petition in Error in this Court including a file-stamped copy of the order. Whether or not a late appeal is granted will be determined by this Court.
_
Oklahoma Supreme Court Rules
1.34 Time for Completion of Record
(a) Time to Make Record Ready for Transmission. The record on appeal shall be ready for transmission to this court not later than six months from the date of the judgment or order appealed. When statute or specific rule requires completion of the record earlier than six months from the date of judgment that statute or rule shall be followed. See, e.g., 1.34(b), (c), (d), and (e). Appellant must monitor the preparation of the record and seek the appropriate relief when necessary for its timely preparation. See Rule 1.33(c), Rule 1.34(g). All transcripts shall be ordered and designations of record made in sufficient time that the entire record on appeal (including transcripts) may be completed and transmitted within the time limits required by statute or these rules.
(b) County Budget Appeals. In appeals from a final order of the district court approving or disapproving the setting of a county budget the record shall be ready for transmission to this court within thirty (30) days of the date of the judgment. If a transcript is sought to be included in the record on review, it shall be the responsibility of the trial court to expedite the preparation thereof by such orders, prospective or retrospective, in effect as may seem proper to assure the earliest possible completion of the record.
(c) Driver's License Appeals.
(1) Conventional Means: In all appeals from decisions falling within the provisions of 47 O.S. § 6-211(K) (driver's license appeals), whether prosecuted under these Rules or under the cited section, the record shall be filed in the Supreme Court with the petition in error, except as provided in section (2) below.
(2) Electronic filing via OUCMS: Where the OUCMS has been implemented in both the district and appellate court at the time the appeal is commenced, the appellant shall electronically file a designation of record with the district court clerk and the appellate court clerk no later than the date of the filing of the petition in error. The electronic record shall be prepared and transmitted by the district court clerk as in appeals from other final district court orders except that the record shall be transmitted to the Clerk of the Supreme Court by the district court no later than thirty (30) days after the petition in error is filed.
(d) Water Conservancy Appeals. In appeals involving water conservancy districts, 82 O.S. § 545 and 82 O.S. § 508, the record shall be ready for transmission within the time limits prescribed in those statutes for filing the appeal.
(e) Juvenile Appeals. In an appeal from a District Court to the Oklahoma Supreme Court and involving a judgment or order issued pursuant to Title 10 of the Oklahoma Statutes in paternity proceedings, or Oklahoma Children's Code proceedings, or Oklahoma Juvenile Code proceedings, or Oklahoma Adoption Code proceedings, (sometimes referred to as a "juvenile appeal"), the Notice of Completion of Record shall be filed in the Supreme Court immediately upon completion of the record on appeal. In all juvenile appeals other than appeals from adoption orders, the record on appeal shall be completed for transmission no later than sixty (60) days from the date of the order or judgment appealed. In appeals pursuant to the Oklahoma Adoption Code the record on appeal shall be completed no later than thirty (30) days from the date the petition in error is filed in the Oklahoma Supreme Court. See 10 O.S. § 80 (paternity appeal); 10A O.S. § 1-5-103 (Oklahoma Children's Code appeal); and 10 O.S. §§ 7505-2.1, 7505-4.1, & 7505-7.1 (Oklahoma Adoption Code appeal).
(f) Reserved.
(g) Extension of Date for Completion of Record. The appealing party, whether an appellant, counter or cross-appellant, bears responsibility to ensure timely preparation of an adequate record to review the issues urged by that party. The appealing party must timely order and pay for transcripts, designate record, monitor proper completion in the trial court, and request any extensions of time if necessary for the performance of duties of the court reporter or district court clerk.
To obtain an extension of time to file the Notice of Completion of Record in the Supreme Court the appellant must file a motion for extension of time prior to the due date of the Notice of Completion of Record. A court reporter or court clerk may not file a motion for extension of time to file the Notice of Completion of Record.
The appellant's motion for extension of time must show good cause for the extension. Good cause for the delay in completing the transcripts or compiling the record shall be shown by attachment of an affidavit of the court reporter or court clerk, as applicable. No more than one thirty (30) day extension of time shall be granted to file a Notice of Completion of Record. The motion must comply with Rule 1.6.
(h) Duties of Clerk on Completion of Record. The clerk of the trial court shall upon completing the record for the appeal:
I. file with the Clerk of the Supreme Court a Notice of Completion of Record (Rule 1.301, Form 12, with Index of Record attached) stating that the record on appeal has been completed for transmission, and the parties or their counsel have been notified, or for those clerks filing the record electronically through OUCMS, file the Certification and Notice of Completion of Electronic Record (Rule 1.301, Form 12A) at the time the electronic record is transmitted and;
II. notify all parties or their counsel when the record on appeal has been completed and Rule 1.301, Form 12 or Form 12A has been filed with the Supreme Court.
(i) Duty of Clerk if Designations Do Not Require Proceedings or Evidence to Be Transcribed. If the designations do not require any part of the proceedings or evidence to be transcribed, the clerk shall immediately file a Notice of Completion of Record with the Clerk of the Supreme Court and notify the parties that the record on appeal has been completed, is ready for transmission to the court, and that a Notice of Completion of Record has been filed. For those clerks filing the record electronically through OUCMS, the clerk shall file the Certification and Notice of Completion of Electronic Record (Rule 1.301, Form 12A) at the time the electronic record is transmitted.
(j) Record in Appeals From Summary Judgments and Dismissals. In appeals from summary judgments and dismissals governed by Rule 1.36 the record is required to be filed with the petition in error and any supplement may be filed with the response to the petition in error, as provided therein. In appeals filed electronically through the OUMCS, the record shall be completed and transmitted in the same manner as appeals from other district court final orders or judgments, but in any event, no later than 60 days after the petition in error is filed.
(k) Duties of Court Clerk when Unable to Complete E-Record
When unable to complete the E-Record within the prescribed time, the clerk of the trial court shall:
I. file with the Clerk of the Supreme Court a Notice of Non-Completion of E-Record (Rule 1.301, Form 12B) stating the reason(s) that the record on appeal cannot be completed and that the parties or their counsel have been notified, and;
II. send a copy of Form 12B to all parties or their counsel.